IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAM C. NGUYEN,
:
        Petitioner,
:
:
v.
:    CIVIL ACTION NO. 09-CV-4977
:
LOUIS S. FOLINO, et al,
:
        Respondent.
:

## MEMORANDUM

Petitioner filed a counseled petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254. However, Petitioner did not use this Court's current standard form petition which includes the required warnings regarding the statute of limitations, *see, United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000), and the warnings relating to the fact that a second or successive *habeas corpus* motion cannot be filed except under specific circumstances requiring certification by the United States Court of Appeals for the Third Circuit.

**AND NOW** this 5 day of November 2009, **IT IS HEREBY ORDERED** that:

1.    Petitioner is **NOTIFIED** of the following:

    (a)    28 U.S.C. § 2254 provides that there is a 1-year statute of limitations which runs from the latest of:

        (1)    the date on which the judgment of conviction becomes final;

        (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

        (3)    the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; or,

(d) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence; and,

(b) 28 U.S.C. § 2244(3) provides that before you can file a second or successive *habeas corpus* motion in the district court you must file a motion with the Third Circuit Court of Appeals for an order authorizing the district court to consider your second or successive *habeas corpus* motion. 28 U.S.C. § 2254 provides that the second or successive *habeas corpus* motion must be certified by the Court of Appeals to contain:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or,

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

4. **YOU MUST INCLUDE ALL POTENTIAL CLAIMS AND SUPPORTING FACTS FOR WHICH YOU MIGHT DESIRE TO SEEK REVIEW IN YOUR HABEAS CORPUS MOTION BECAUSE A SECOND OR SUCCESSIVE HABEAS CORPUS MOTION CANNOT BE FILED EXCEPT UNDER THE CIRCUMSTANCES SET FORTH ABOVE;**

5. After reading the warnings provided above, Petitioner shall, on or before December 15, 2009, file and serve a document entitled "Notice of Intention to Proceed" in the form attached to this Order in which he states that, after having read the warnings, he:

    (a) intends to proceed with his *habeas corpus* motion under 28 U.S.C. § 2254 or;

    (b) he wants the *habeas corpus* motion under 28 U.S.C. § 2254 marked withdrawn without prejudice; and,

6. In the event that Petitioner does not file a timely Notice of Intention to Proceed, the Court will decide the pending petition under 28 U.S.C. § 2254 filed by Petitioner.

_____
LAWRENCE F. STENGEL, J.

# NOTICE OF INTENTION TO PROCEED

After having read the warnings provided in the attached Order dated November         , 2009, I, Tam C. Nguyen:

- ☐ Intend to proceed with my *habeas corpus* motion under 28 U.S.C. § 2254.

- ☐ Want the *habeas corpus* motion under 28 U.S.C. § 2254 marked withdrawn without prejudice.


DATE: _____          _____

                                                            TAM C. NGUYEN